**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

JOSEPH GRAY                                                                          PETITIONER
Reg. #90958-071


v.                                          2:19-cv-00101-BSM-JJV


DEWAYNE HENDRIX,
Warden, FCI – Low                                                                   RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Petitioner Joseph Gray, an inmate at the Forrest City Low Federal Correctional Institution, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.   (Doc. No. 1.)   He alleges the Bureau of Prisons ("BOP") has failed to credit him the good conduct time he is entitled to under the First Step Act of 2018.   (*Id.* at 7.)   Respondent Dewayne Hendrix, Warden of the Forrest City Low FCI, contends Mr. Gray's Petition should be dismissed because (1) he failed to exhaust his administrative remedies and (2) the appropriate good conduct time credits have been applied, rendering the Petition moot.   (Doc. No. 5.)   In a Motion to Supplement Original Petition, Mr. Gray counters that he has not been given credit for all of the good conduct time to which he is entitled.   (Doc. No. 6.)   After careful consideration of the Petition, Response, and all supporting documents, I recommend the Petition be dismissed without prejudice.

### II.    ANALYSIS

"A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."   *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10--542.16).

Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id.* (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

Mr. Gray acknowledges he did not utilize the administrative remedy procedures available to him. (Doc. No. 1 at 5.) He offers an excuse for his failure to do so: the matter is "time sensitive" and the BOP's failure to act "could lead to wrongful incarceration past point of sentence termination." (*Id.*) But as Respondent points out, Mr. Gray's projected release date, after applying the good conduct time credits at issue, is in July of 2022. (Doc. Nos. 5 at 1, 5-1 at 2, 4.) Even assuming Mr. Gray is correct that he is entitled to an additional 112 days of good conduct time, as alleged in his Motion to Supplement (Doc. No. 6 at 1), his projected release date would still be over two years from now. Accordingly, there is no justification for Mr. Gray's bypassing the administrative remedy procedures, and his § 2241 Petition must be dismissed without prejudice. If Mr. Gray has information indicating he has in fact exhausted his administrative remedies, or that the exhaustion requirement should be excused, he should so state in his objections to this recommendation.

III. **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1. Mr. Gray's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

2. Mr. Gray's Motion to Supplement Original Petition (Doc. No. 6) be DENIED as moot.

DATED this 19th day of December 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE